*881 OPINION.
Teammell :
The petitioner contends that it is entitled to the deduction of $6,781.19 taken since it sustained during 1920 a loss of that amount on the notes. The respondent contends that the deduction is not allowable either as a loss sustained during the year or as debts ascertained to be worthless and charged off during the year.
While Slocum’s note for $4,000 was not due until January 1, 1921, yet we find that at the end of 1920 it was ascertained that his liability on the 240 acres of land which constituted his only asset and for which there were no buyers, was greatly in excess of its value. His only income was his salary of $100 per month from a farmers cooperative association.
On December 24, 1920, the petitioner accepted Mrs. Ofstad’s unsecured note for $1,635.90 as a renewal of five other small notes given in connection with transactions that had occurred in 1919. The testimony shows that Mrs. Ofstad’s property in 1920 was insufficient to pay her secured note for $6,013 held by the petitioner, and that her success as a farmer was not such as to afford any hope for collection of the secured note, much less the one that was unsecured, which is the note involved here.
The evidence in the case consisted chiefly of the testimony of the president of the petitioner bank who was familiar with the financial condition of the persons who gave the notes. His testimony regarding the worthlessness of the notes in 1920 was supported by the president of another bank located in Alcester, who was also well acquainted with the financial condition of the parties. After carefully considering all the evidence in the case, we are of the opinion that the notes were ascertained to be worthless in 1920.
While it appears that the petitioner did not make the bookkeeping entries charging off the accounts until after the end of the year it did so as of December 31, 1920, before the books were closed. The petitioner treated the matter as a part of the year’s transactions and determined its profits for the year on the basis of *882 the elimination of the accounts. In our opinion the petitioner is entitled to the deductions claimed on account of the said debts.
Reviewed by the Board.

Judgment will be entered after IB days’ notice, under Rule 50.